UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT SUDAR, Plaintiff, v. NEVADA HAND INC., et al, Defendants. | Case No. 2:26-cv-02103-GMN-EJY **ORDER** |

Pending before the Court are Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Plaintiff's IFP is complete and is granted below.

**I. Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin

by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Brief Summary of Plaintiff's Complaint**

Plaintiff alleges he leases an apartment from Apache Pines Apartments.[1] ECF No. 1-1 at 3. Plaintiff's narrative has three primary components regarding his time at the apartment complex.

Plaintiff states that when he moved into his apartment, a technician came to set up the gas service and, in the process, flagged the gas stove as hazardous. Plaintiff alleges he promptly delivered the document identifying the gas stove as hazardous to the apartment complex leasing office, but they never acted upon the notice. Apparently, after Plaintiff filed a complaint with the Department of Housing and Urban Development ("HUD"), the technician returned, confirmed the dangerousness of the stove, and Defendants ultimately replaced the appliance.

In addition, Plaintiff alleges that he decided to live in the Apache Pines Apartments because it is advertised as a "smoke-free community." Plaintiff explains that he has severe Chronic Obstructive Pulmonary Disease ("COPD") and thus, living in a smoke free community is a "critical medical necessity." However, Plaintiff alleges that in his leasing agreement "Defendant inserted

---

[1] According to its website, Nevada HAND is the "state's largest developer, builder, and manager of affordable rental homes for low-income seniors and working families." https://nevadahand.org/. Apache Pines Apartments is one of Nevada Hand's communities. *See* https://apachepines.nevadahand.org/.

deceptive clauses ... claiming absolute inability to actually enforce the smoke-free policy." *Id*. at 6. In fact, Plaintiff alleges the complex contains designated smoking areas. As a result of pervasive smoking by other tenants, Plaintiff says he is constantly exposed to secondhand smoke, even within his apartment, which has exacerbated his COPD.

Lastly, Plaintiff alleges that he is facing imminent relocation, which appears to be the basis for his injunctive relief requests.[2] During February of this year, the Apache Pines Apartments allegedly announced plans to renovate the property and stated that it would be temporarily relocating residents to accomplish the renovations. Plaintiff says that he sent an email to Defendant Brianna Hawkins, the designated relocation expert, explaining he is disabled and requested an accommodation during the relocation. In response, Defendant Hawkins allegedly dismissed Plaintiff's request, telling him to "find someone else." Plaintiff maintains that after he filed a second complaint with HUD another Defendant, Erica Arthur, spoke with Plaintiff about his requested accommodation; however, attempted resolution with Ms. Arthur allegedly failed because she supposedly did not act in good faith.

Concurrently, Plaintiff says that his retirement income was "abruptly cut in half." Plaintiff requested rent abatement from Nevada HAND given the circumstances, but his request was denied. Plaintiff alleges that at the present, individuals from the Apache Pines Apartments have asserted that he must pack up his apartment to relocate. Plaintiff maintains that his requests for accommodation were never meaningfully acknowledged.

Plaintiff initiated this lawsuit asserting violations of the Fair Housing Act ("FHA") and state law claims alleging Breach of Contract, Fraudulent Inducement, and Breach of Implied Warranty of Habitability.

## III. Discussion

### a. FHA Discrimination

The Fair Housing Act provides "a private right of action for an aggrieved person subjected to an alleged discriminatory housing practice." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250

[2] The Court recognized Plaintiff filed an emergency motion for a temporary restraining order alongside the Complaint and separately at ECF No. 4. His request will be discussed in a separate order.

(9th Cir.1997) (internal quote marks and citations omitted); 42 U.S.C. § 3601, *et seq.* (Defendants, their agents, employees, and all persons in concert or participation with any of them shall not discriminate in any aspect in the rental of dwellings in violation of the Fair Housing Act, as amended).

The *prima facie* elements of a disability discrimination claim based on disparate treatment, include: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). "Disparate treatment [under the FHA] requires some showing of discriminatory intent on the part of the defendants[.]" *McDonald v. Coldwell Banker*, 543 F.3d 498, 505 n.7 (9th Cir. 2008). A plaintiff must either demonstrate the existence of a similarly situated person who was treated better or that "a discriminatory reason more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way." *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (internal quotation marks and citation omitted).

The Court finds the totality of the factual assertion made by Plaintiff are sufficient to support each element of an FHA discrimination claim. Thus, while it may ultimately be difficult for Plaintiff to prove discriminatory animus, the Court allows this claim to proceed.

b. <u>FHA Accommodation</u>

"To state a prima facie case of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate that: (1) they suffer from a handicap as defined by the FHA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Galia v. Wasatch Advantage Grp. LLC*, Case No. 19-cv-08156-JCS, 2021 WL 1516372, at *5 (N.D. Cal. Apr. 16, 2021) (citing *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1146-47 (9th Cir. 2003) (further citations omitted). "An accommodation is reasonable where it would not require a fundamental alteration in the nature of the housing provider's business or impose on the landlord undue financial or administrative hardship." *Id.*

Here, Plaintiff alleges that he suffers from several conditions, including severe COPD, a spinal injury, Tinnitus, PTSD, and social anxiety, about which he informed Defendants. Plaintiff maintains he requested an accommodation and that accommodation was denied (ignored) by Defendants. The Court finds Plaintiff alleges sufficient facts to state his failure to accommodate claim. Thus, this claim may proceed against Defendants.

c. FHA Retaliation

Section 3617 of the FHA prohibits the '"coercion, intimidation, threatening, or interference with any person in the exercise or enjoyment of' rights protected by other provisions of the FHA." *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1142 (9th Cir. 2024) (cleaned up) (citing 42 U.S.C. § 3617). To state the claim, Plaintiff must allege facts demonstrating "(1) [he] was engaged in an activity protected by the FHA; (2) the defendant subjected [him] to an adverse action causally linked with the plaintiff's exercise of a protected activity, and (3) the plaintiff suffered injury." *Elliott v. QF Circa 37, LLC*, Case No. 16-cv-0288-BAS-AGS, 2018 WL 2933467, at *19 (S.D. Cal. June 12, 2018)

Here, Plaintiff alleges that he engaged in a protected activity by requesting accommodation and raising claims with HUD, he faces imminent relocation, and he is suffering physical and mental pain as a result. The Court finds Plaintiff alleges sufficient facts to put Defendants on reasonable notice of his Section 3617 claim, which may proceed.

d. Breach of Contract

To state a breach of contract claim under Nevada law, Plaintiff must identify (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach. *E.g. Cohen-Breen v. Gray Television Grp., Inc.*, 661 F.Supp.2d 1158, 1171 (D. Nev. 2009) (citations omitted). Plaintiff alleges that his lease—a valid contract—provided him with the right to exclusive, undisturbed occupation of his apartment; however, he is being forced to relocate. The Court finds that at this stage of proceedings, Plaintiff alleges sufficient facts to state a breach of contract claim.

e. Fraudulent Inducement

To state a claim for fraudulent inducement, Plaintiff must allege facts demonstrating that "(1) the defendant made a false representation; (2) the defendant had knowledge or a belief the

representation was false; (3) the defendant intended to induce the plaintiff to rely on the representation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages as a result of this reliance." *Kitchen v. Select Portfolio Servicing, Inc.*, 2016 WL 730756, at *3 (D. Nev. Feb. 23, 2016) (citing *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004)).

Plaintiff's claim against Nevada HAND and Apache Pines Apartments rests on their smoking policy. Plaintiff alleges that the Defendants advertised the apartment community as smoke-free, a representation that proved false because the complex contains designated smoking areas, Defendants do not screen out smokers from leasing apartments, and Defendants failed to create rules to punish smoking violations. Plaintiff alleges the Defendants intended for him to rely on the "smoke-free" promise when deciding to lease, a representation Plaintiff believed was true and relied upon. Lastly, Plaintiff alleges he has suffered damages including harm to his physical health. The Court finds Plaintiff has alleged sufficient facts to state his fraud claim.

f. <u>Breach of Implied Warranty of Habitability</u>

Plaintiff identifies NRS 118A.290 which provides that a "landlord shall at all times ... maintain the dwelling unit in a habitable condition. A dwelling unit is not habitable if it violates provisions of housing or health codes concerning the health, safety, sanitation or fitness for habitation of the dwelling unit or if it substantially lacks" waterproofing, plumbing, water, heating, electricity, air conditioning, and other similar standards. NRS 118A.290; *see also Bour Enterprises, LLC v. 4520 Arville*, 516 P.3d 1112 (Table), 2022 WL 4298636, at *1 (Nev. 2022). To assert a claim under the statute, a complainant must "deliver a written notice to the landlord specifying each failure by the landlord to maintain the dwelling unit in a habitable condition and requesting that the landlord remedy the failures." NRS 118A.355. Completing this requirement, along with a failure of the landlord to fulfill its obligations to address the tenant's habitability concerns, unlocks statutory remedies, such as the recovery of actual damages. *Id.*

Plaintiff alleges that he told Defendants about the hazardous nature of the stove in his apartment, but they failed to cure it after he notified them of the initial findings of the gas company technician. The Court notes that Plaintiff does say the stove was eventually replaced and, therefore,

his concerns were eventually addressed. However, the Court finds at this early stage, Plaintiff has alleged enough facts to state a claim under NRS 118A.290.

## IV. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be filed on the docket.

IT IS FURTHER ORDERED that all of Plaintiff's claims may proceed against all Defendants.

IT IS FURTHER ORDERED that the Clerk of Court must issue summonses for Defendants.

IT IS FURTHER ORDERED that, given Plaintiff's pending Motion seeking entry of a temporary restraining order, Plaintiff must arrange for prompt service of process of the Summons, Complaint, and a copy of this Order on Defendants. If Plaintiff cannot arrange for prompt service he may seek service through the U.S. Marshal Service; however, this will delay the service of process.

Dated this 18th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE